IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SANTANA WIMBUSH,<br>    Plaintiff, | )<br>)<br>) Case No. 7:22-cv-00640<br>) |
| v. | )<br>) |
| GLENN A. YOUNGKIN,<br><u>et al.</u>,<br>    Defendants. | ) By: Michael F. Urbanski<br>) Chief United States District Judge<br>)<br>) |

**MEMORANDUM OPINION**

Santana Wimbush, a Virginia inmate proceeding <u>pro se</u>, filed this civil rights action under 42 U.S.C. § 1983 against Virginia Governor Glenn Youngkin, Virginia Attorney General Jason Miyares, and Virginia Department of Corrections Director Harold Clarke. Wimbush claims that he is being denied equal protection as a result of statutory amendments to Virginia's Earned Sentence Credit system. The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.    Background

In 1994, the Virginia General Assembly enacted legislation establishing the Earned Sentence Credit ("ESC") system. <u>See</u> Va. Code Ann. §§ 53.1-202.2–53.1-202.4. The system applies to any state inmate who was "convicted of a felony offense committed on or after January 1, 1995." <u>Id.</u> § 53.1-202.2. Prior to July 1, 2022, inmates could earn a maximum of 4.5 sentence credits for every 30 days served. <u>See</u> <u>id.</u> § 53.1-202.3 (effective until July 1, 2022).

In 2020, the General Assembly amended the ESC system, effective July 1, 2022. Pursuant to the statutory amendments, some inmates are eligible to earn sentence credits at a higher rate. An inmate's eligibility to earn enhanced sentence credits is based, at least in part, on the inmate's conviction(s). Inmates who are serving a sentence for certain enumerated felony convictions, including convictions for particular sex offenses and violent crimes, remain eligible for a "maximum of 4.5 sentence credits . . . for each 30 days served." Id. § 53.1-202.3(A) (effective July 1, 2022). However, inmates who are serving a sentence "[f]or any offense other than those enumerated in subsection A" and who have satisfied other statutory requirements may earn either 7.5 or 15 days of sentence credits for every 30 days served. Id. § 53.1-202.3(B).

Wimbush alleges that he is being excluded "from earning the maximum of 15 days for every 30 days served or 7.5 days for every 30 days served due to the nature of his felony alone." Compl., ECF No. 1, at 3. Online court records from the Circuit Court for the City of Danville indicate that Wimbush is currently serving an active sentence of 22 years for aggravated malicious wounding in violation of Virginia Code § 18.2-51.2. See Commonwealth v. Wimbush, Case No. CR07000258-00, available at http://ewsocis1.courts.state.va.us/CJISWeb/circuit.jsp (last visited Jan. 3, 2023). The offenses enumerated in subsection (A) of § 53.1-202.3 include "[a]ny malicious felonious assault or malicious bodily wounding under Article 4 (§18.2-51 et seq.) of Chapter 4 of Title 18.2." Va. Code Ann. § 53.1-202.3(A)(6). Because Wimbush was convicted of an enumerated offense, he remains only eligible to earn up to 4.5 sentence credits for every 30 days served. Id.

Wimbush claims that the application of the statutory amendments violates his Fourteenth Amendment right to equal protection because he is "being discriminated against for the nature of his felony alone." Compl. at 4. He seeks to enjoin the defendants from "only provid[ing] certain felons with enhanced good time sentence credits." Id. at 5. He also seeks to recover nominal damages. Id.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 555).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible

3

on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under § 1983, "a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). Having reviewed the complaint in accordance with the applicable law, the court concludes that it fails to state a plausible constitutional violation actionable under § 1983.

The Equal Protection Clause, on which Wimbush relies, provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This provision "does not take away from the States all power of classification, but keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks and citations omitted). "Thus, a plaintiff challenging a state statute on an equal protection basis 'must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" Kolbe v. Hogan, 849 F.3d 114, 146 (4th Cir. 2017) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)); see also Equity in Ath., Inc. v. Dep't of Educ., 639 F.3d 91, 108 (4th Cir. 2011) ("In order to survive a motion to dismiss an

equal protection claim, a plaintiff must plead sufficient facts to demonstrate plausibly that he was treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus.") (citing Morrison, 239 F.3d at 654).

Wimbush's equal protection claim fails at the first step. He has not alleged facts sufficient to show that he is being treated differently from others with whom he is similarly situated or "in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992). All state inmates who were convicted of malicious wounding and other violent felony offenses in Article 4 of Chapter 4 of Title 18.2 of the Code of Virginia are treated the same under the statutory amendments to the ESC system, and Wimbush does not identify any non-enumerated offense that is "similar enough" to his own to be a proper comparator. Doe v. Settle, 24 F.4th 932, 940 (4th Cir. 2022). Moreover, courts have recognized that violent felony offenders are not similarly situated to non-violent felony offenders. See Scott v. Dennison, 739 F. Supp. 2d 342, 361 (W.D.N.Y. 2010) (collecting cases rejecting the proposition that violent and non-violent felony offenders are similarly situated); see also United States v. Allen, 41 F. App'x 630, 632 (4th Cir. 2002) (noting, in rejecting the defendant's challenge to the validity of his sentence, that a defendant with three prior convictions for violent felonies was "not similarly situated to every other defendant with three prior felony convictions"). Therefore, Wimbush has not plausibly alleged that the different treatment afforded to him and other inmates who have been convicted of violent crimes violates the Equal Protection Clause. See Stradford v. Sec'y Pa. Dep't of Corr., 53 F.4th 67, 74 (3d Cir. 2022) (noting that "the failure to identify similarly situated persons dooms an equal-protection claim").

## IV. Conclusion

For the foregoing reasons, the court concludes that the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: January 13, 2023

*signature*

Digitally signed by Michael F. Urbanski  Chief U.S. District Judge
Date: 2023.01.13 11:27:31 -05'00'

Michael F. Urbanski
Chief United States District Judge