IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SANTANA WIMBUSH, )<br>    Plaintiff, ) | Case No. 7:22-cv-00640 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| GLENN A. YOUNGKIN, et al., ) | Chief United States District Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION

Santana Wimbush, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that he is being denied equal protection as a result of statutory amendments to Virginia's Earned Sentence Credit system. On January 13, 2023, the court dismissed the complaint without prejudice, pursuant to 28 U.S.C. §1915A(b)(1), for failure to state a claim upon which relief may be granted. ECF No. 9. Wimbush has since filed a motion to alter or amend the judgment and a motion for leave to file an amended complaint. ECF Nos. 10 and 11. For the reasons set forth below, both motions are **DENIED**.

### I.   Background

In 1994, the Virginia General Assembly enacted legislation establishing the Earned Sentence Credit ("ESC") system. See Va. Code Ann. §§ 53.1-202.2–53.1-202.4. The system applies to any state inmate who was "convicted of a felony offense committed on or after January 1, 1995." Id. § 53.1-202.2. Prior to July 1, 2022, inmates could earn a maximum of 4.5 sentence credits for every 30 days served. See id. § 53.1-202.3 (effective until July 1, 2022).

In 2020, the General Assembly amended the ESC system, effective July 1, 2022. Pursuant to the statutory amendments, some inmates are eligible to earn sentence credits at a

higher rate. An inmate's eligibility to earn enhanced sentence credits is based, at least in part, on the inmate's conviction(s). Inmates who are serving a sentence for certain enumerated felony convictions, including convictions for particular sex offenses and violent crimes, remain eligible for a "maximum of 4.5 sentence credits . . . for each 30 days served." Id. § 53.1-202.3(A) (effective July 1, 2022). However, inmates who are serving a sentence "[f]or any offense other than those enumerated in subsection A" and who have satisfied other statutory requirements may earn either 7.5 or 15 days of sentence credits for every 30 days served. Id. § 53.1-202.3(B).

In his proposed amended complaint, Wimbush alleges that he is being excluded "from earning the maximum of 15 days off his sentence for every 30 days served because of the nature of his felony alone, even if he has complied with all treatment plans and abided by all [applicable] rules and regulations . . . ." Proposed Am. Compl., ECF No. 10-3, at ¶ 14. Online court records from the Circuit Court for the City of Danville indicate that Wimbush is currently serving an active sentence of 22 years for aggravated malicious wounding in violation of Virginia Code § 18.2-51.2. See Commonwealth v. Wimbush, Case No. CR07000258-00, available at http://ewsocis1.courts.state.va.us/CJISWeb/circuit.jsp (last visited Mar. 6, 2023). The offenses enumerated in subsection (A) of § 53.1-202.3 include "[a]ny malicious felonious assault or malicious bodily wounding under Article 4 (§18.2-51 et seq.) of Chapter 4 of Title 18.2." Va. Code Ann. § 53.1-202.3(A)(6). Because Wimbush was convicted of an enumerated offense, he remains only eligible to earn up to 4.5 sentence credits for every 30 days served. Id.

Wimbush claims that the application of the statutory amendments violates his Fourteenth Amendment right to equal protection because he is being discriminated against "because of the nature of his felony alone." Proposed Am. Compl. ¶¶ 20, 23; see also id. ¶ 15 (suggesting that "all prisoners in the Virginia Department of Corrections" are similarly situated and should be subject to the same standards). Wimbush also claims that state officials conspired to violate his right to equal protection, in violation of 42 U.S.C. § 1985, by enacting or urging lawmakers to enact the statutory amendments. Id. ¶¶ 21–22. He seeks to enjoin the "unequal treatment" of convicted felons incarcerated in the Virginia Department of Corrections. Id. ¶ 24.

## II.  Standard of Review

A district court may not grant a post-judgment motion to amend a complaint unless the judgment is vacated pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 (4th Cir. 2011). "To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards. The court need only ask whether the amendment should be granted just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." Id. at 471. In other words, the court "should evaluate a post-judgment motion to amend the complaint under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." Id. (internal quotation marks and citation omitted). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Id.

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks and citations omitted).

### III.    Discussion

Wimbush's proposed amended complaint seeks relief under 42 U.S.C. §§ 1983 and 1985. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1985 prohibits two or more persons from conspiring to deprive "any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985. Having reviewed the proposed amended complaint in accordance with the applicable law, the court concludes that it fails to state a plausible constitutional violation actionable under § 1983 or § 1985. Accordingly, granting leave to amend would be futile.

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This provision "does not take away from the States all power of classification, but keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal

quotation marks and citations omitted). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." King v. Rubenstein, 825 F.3d 206, 220 (4th Cir. 2016) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)); see also Equity in Ath., Inc. v. Dep't of Educ., 639 F.3d 91, 108 (4th Cir. 2011) ("In order to survive a motion to dismiss an equal protection claim, a plaintiff must plead sufficient facts to demonstrate plausibly that he was treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus.") (citing Morrison, 239 F.3d at 654).

The equal protection claim asserted by Wimbush fails at the first step. The proposed amended complaint does not allege facts sufficient to show that Wimbush is being treated differently from others with whom he is similarly situated or "in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992). To the contrary, all state inmates who were convicted of malicious wounding and other violent felony offenses in Article 4 of Chapter 4 of Title 18.2 of the Code of Virginia are treated the same under the statutory amendments to the ESC system. Moreover, courts have recognized that violent felony offenders are not similarly situated to non-violent felony offenders. See Scott v. Dennison, 739 F. Supp. 2d 342, 361 (W.D.N.Y. 2010) (collecting cases rejecting the proposition that violent and non-violent felony offenders are similarly situated); see also United States v. Allen, 41 F. App'x 630, 632 (4th Cir. 2002) (noting, in rejecting the defendant's challenge to the validity of his sentence, that a defendant with three prior convictions for violent felonies was "not similarly situated to every other defendant with three prior felony convictions"). "Because these two groups are

not similarly situated in all relevant respects, treating the groups differently does not offend equal protection principles." Jauregui-Balbuena v. Youngkin, No. 7:22-cv-000483, 2022 WL 17415003, at *1 (W.D. Va. Dec. 5, 2022) (Jones, J.) (summarily dismissing a similar challenge to the same statutory amendments).

Since Wimbush has not stated a plausible constitutional violation, "he has no cause of action under § 1983." Strasburger v. Bd. of Educ., 143 F.3d 351, 356 (7th Cir. 1998). And "the absence of a section 1983 deprivation of rights precludes a section 1985 claim predicated on the same allegations." Caldeira v. Cnty. of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989); see also Beztak Land Co. v. City of Detroit, 298 F.3d 559, 569 (6th Cir. 2002) (dismissing a § 1985 conspiracy claim where there was no underlying substantive violation); Denney v. City of Albany, 247 F.3d 1172, 1190 (11th Cir. 2001) (explaining that the plaintiffs' conspiracy claim under § 1985 failed because the underlying substantive claims lacked merit). Because the proposed amended complaint fails to state a claim under § 1983 or § 1985, granting leave to amend would be futile.

## IV. Conclusion

For the foregoing reasons, Wimbush's motions to alter or amend the judgment and for leave to file an amended complaint are **DENIED**. An appropriate order will be entered.

Entered: March 14, 2023

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2023.03.14 14:49:50 -04'00'

Michael F. Urbanski
Chief United States District Judge